**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-00801-VAP (SPx)                    Date:  July 12, 2013

Title:     WELLS FARGO BANK, N.A. AS TRUSTEE -v- SALVADOR BRAVO,
           RICHARD QUINTANILLA, MARCELA QUINTANILLA, AND DOES 1 TO
           100, INCLUSIVE
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

            Marva Dillard                          None Present
            Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

            None                               None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                    SUPERIOR COURT FOR THE COUNTY OF SAN
                    BERNARDINO (IN CHAMBERS)

     On April 30, 2013, Pro Se Defendant Richard Quintanilla ("Defendant")
removed this action from the California Superior Court for the County of San
Bernardino, alleging federal question jurisdiction, diversity jurisdiction, and civil rights
removal jurisdiction.  (<u>See</u> Not. of Removal (Doc. No. 1).)  This is not the first time a
defendant in the case has removed this action.  Defendant Marcela Quintanilla
removed this action in case number 5:13-cv-00249-VAP (SPx) on February 8, 2013
and Defendant Salvador Bravo removed this action in case number 5:13-cv-00607-

MINUTES FORM 11                              Initials of Deputy Clerk __md__
CIVIL -- GEN                    Page 1

VAP (OPx) on April 3, 2013.  Each time, the Court remanded the action back to state court.  For the reasons expressed below, the Court again REMANDS this action to the California Superior Court for the County of San Bernardino.

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant first asserts that federal question jurisdiction exists in this case under 28 U.S.C. § 1331, because the case arises under the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").  (See Not. of Removal at 2–3.)  Defendant does not provide a factual basis for this claim.  As the Complaint in this matter raises a single claim for unlawful detainer and does not allege any facts related to TILA or RESPA (see Compl., First Ex. A to Not. of Removal), the Court must conclude that Defendant intends to raise TILA and RESPA as a defense.[1]

Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question;

---

[1]The Notice of Removal contains two exhibits marked as "Exhibit A."

EDCV 13-0081-VAP (SPx)
WELLS FARGO BANK, N.A. AS TRUSTEE v. SALVADOR BRAVO, RICHARD QUINTANILLA, MARCELA QUINTANILLA, AND DOES 1 TO 100, INCLUSIVE
MINUTE ORDER of July 12, 2013

it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

Defendant next asserts that diversity jurisdiction exists in this case under 28 U.S.C. § 1332, because there is complete diversity between the parties and the value of the property exceeds $75,000. (Not. of Removal at 3–4.) Defendant has failed to allege the parties' citizenship in the Notice of Removal. Moreover, on the civil cover sheet attached to the Notice of Removal, Defendant checked the box indicating that the plaintiffs and defendants were citizens of this state. If true, this would destroy diversity jurisdiction.

Even if Defendant could establish diversity of citizenship, he cannot show that the case meets the amount in controversy requirement. Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000. (<u>See generally</u> Compl.) As such, this case cannot meet the statutory amount -in-controversy requirement for diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332.

Defendant's final basis for removal is 28 U.S.C. § 1443, which authorizes the removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Because Defendant does not purport to be a federal or state officer, he cannot remove under § 1443(2). <u>See</u> <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 824 & n.22 (1966). Actions removed under § 1443(1) must satisfy two criteria. First, a defendant must assert as a defense "rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (quoting <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970)) (internal quotation mark omitted). Second, a defendant "must assert that the state courts will not enforce that right," and support his assertions "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>Id.</u> (quoting <u>Sandoval</u>, 434 F.3d at 999) (internal quotation marks omitted).

EDCV 13-0081-VAP (SPx)
WELLS FARGO BANK, N.A. AS TRUSTEE v. SALVADOR BRAVO, RICHARD QUINTANILLA, MARCELA QUINTANILLA, AND DOES 1 TO 100, INCLUSIVE
MINUTE ORDER of July 12, 2013

Though the Notice of Removal makes passing references to federal statutes such as 28 U.S.C. § 1983 and the Protecting Tenants at Foreclosure Act of 2009 (Pub. L. No. 111–22, § 702, 123 Stat. 1660 (2009)), Defendant has failed to allege any facts to support a claim under either of those statutes.  Thus, Defendant has failed to meet the standard articulated above for removal under § 1443(1).

As no proper basis for removal exists, the Court lacks subject-matter jurisdiction and REMANDS this matter to the California Superior Court for the County of San Bernardino.

Defendants are cautioned that filing frivolous Notices of Removal may subject them to monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure as well as the payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**